BLANK ROME LLP
Jonathan A. Loeb (SBN 162758)
JLoeb@BlankRome.com
Allen Ho (SBN 318187)
Allen.Ho@BlankRome.com
2029 Century Park East, 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Attorneys for Defendant,
CARVANA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA– SOUTHERN DIVISION

| | |
|---|---|
| CHRIS LANGER, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CARVANA, LLC, an Arizona Limited Liability Company,<br><br>　　　　　　　Defendant. | Case No. 8:21-cv-00303-JLS-JDE<br><br>*[Assigned to the Hon. Josephine L. Staton]*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**<br><br>Hearing:<br>Date:　　April 8, 2022<br>Time:　　10:30 a.m.<br>Place:　　Courtroom 10A<br>　　　　　411 W. Fourth St.,<br>　　　　　Santa Ana, CA, 92701<br><br>Complaint: January 18, 2021<br>Removed:　February 16, 2021<br>Trial:　　　Not Set |

## I. INTRODUCTION.

Even after amending his Complaint, Plaintiff Chris Langer ("Langer") is still unable to correct a fundamental pleading defect—he fails to identify a nexus between the alleged barriers encountered on Carvana's Website and his inability to access a physical place of public accommodation.  In granting leave to amend, the Court reminded Langer and his counsel that "*in light of the disconnect between the Complaint and Carvana's business*" reflected in the Original Complaint's boilerplate allegations, Plaintiff "*must comply with their Rule 11 obligations when filing any amended pleading.*" (Dkt. No. 26 at 7.)  Langer's First Amended Complaint ("FAC," Dkt. No. 28) falls short insofar as it is almost entirely duplicative of the Original Complaint, and the amendments consist of demonstrably false averments rebutted by the (judicially noticeable) facts before the Court.  The FAC is nothing more than an attempt to replead already-rejected legal arguments that contradict binding ADA jurisprudence.

Langer asks the Court to ignore well-settled Ninth Circuit case law which makes clear that a nexus must be pled to fall under the ADA and instead implores the Court to engage in lawmaking, which is the province of Congress.  That Langer believes the ADA's reach should be broader is irrelevant.  Langer's opposition papers ignore clear and binding authority limiting the scope of the ADA and its application in this case, not to mention this Court's previous ruling on Carvana's Motion to Dismiss Langer's Original Complaint.

Granting Langer permission to amend his Original Complaint did not result in any actual new allegations or legal theories to warrant a reversal of the Court's previous well-reasoned decision.  Accordingly, Carvana respectfully requests that the Court grant its Motion to Dismiss the FAC in its entirety, and dismiss Langer's FAC with prejudice, without further leave to amend.

/ / /

/ / /

/ / /

## II. THERE IS NO NEXUS PLED BETWEEN THE ALLEGED WEBSITE BARRIERS AND A PLACE OF PUBLIC ACCOMMODATION.

As this Court has already recognized, "places of public accommodation" are limited to actual physical spaces and "the [Carvana] website and the videos hosted there are not, by themselves, covered by the ADA." (Dkt. No. 26, at 6).[1]

Langer concedes, as he must, that he needs to allege a nexus, but argues that he has sufficiently done so because Carvana "*admits it has physical locations where its customers can pick up their purchases*." ("Pl. Br.," Dkt. No. 39 at 7.) Langer misunderstands the law. The nexus requirement is not satisfied just because the defendant operates both a website and a physical location. In the Ninth Circuit, a denial of equal access to a website can support an ADA claim only "*if the denial has prevented or impeded a disabled plaintiff from equal access to, or enjoyment of, the goods and services offered at the defendant's physical facilities*." *Martinez v. San Diego County Credit Union*, 50 Cal. App. 5th 1048, 1063 (2020) (*citing Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905–06 (9th Cir. 2019)). To survive dismissal, Langer needed to allege a connection between the supposed website barriers and a physical location. *Langer v. Pep Boys Manny Moe & Jack of Cal.*, No. 20-CV-06015, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021) ("a plaintiff who fails to allege any connection between the Website barriers and a physical location does not have an ADA claim.").

Langer fails to distinguish *Brooks v. See's Candies, Inc.*, No. 2:20-cv-01236-MCE-DB, 2021 WL 3602153, at *3 (E.D. Cal. Aug. 13, 2021) (discussed in Carvana's Memorandum of Points and Authorities In Support of Motion to Dismiss Langer's FAC, "Carvana's Br.," Dkt. No. 31-1 at 17-18), where the court granted defendant See's Candies' motion to dismiss because, despite alleging website barriers that prevented her from learning about the business (including its hours of operation), the plaintiff failed

---

[1] The law of the case doctrine, "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

to identify a nexus between a website barrier and plaintiff's ability to access defendant's physical candy store. *Id*. at *3. *See's Candies* was recently followed in *Brooks v. Lola & Soto Bus. Grp., Inc.,* No. 2:21-cv-00158-TLN-DB, 2022 WL 616798 (E.D. Cal. Mar. 2, 2022), where the defendant similarly operated both a physical retail clothing store and a website. *Id*. at *1. The plaintiff alleged that she "was unable to find the location and hours of operation of Defendant's store on its website, preventing Plaintiff from visiting the location to purchase products and/or services." *Id*. The court granted defendant's motion to dismiss because plaintiff failed to identify a nexus between a website barrier and plaintiff's ability to access the physical location. *Id*. at *7 ("Plaintiff does not allege she tried to order clothes from the Website for pickup at Defendant's shop but was unable to do so … [n]or does she identify any integration or interconnectedness between the Website and Defendant's physical store comparable to that encountered in *Robles* … [i]nstead, Plaintiff identifies only a store locator … that, by all indications, would have no functional difference from the results obtained by a simple Google search for [Defendant's shop] on any internet browser") (internal citation omitted).

Like the serial plaintiff in *See's Candies* and *Lola & Soto*, Langer fails to plead a nexus between the supposed website barriers and his ability to access a physical location. Langer only alleges that he was a "*prospective customer who wished to access [Carvana's] goods and services: namely, shopping for vehicles and learning about other services offered by Carvana*." (FAC ¶ 18.) Langer alleges that he visited the Website "*to confirm the business was open*" (a concept that makes no sense for a 24-hour e-commerce website), "*review any policies regarding customer safety*," and "*look for information about the company and its products*." (*Id.* at ¶ 19.) Langer fails to allege that he was prevented from accessing or visiting a Carvana car vending machine situated near him because of his difficulty in viewing the Videos. (*See generally* FAC.) Langer does not allege that he purchased a car that he was going to pick up at a car vending machine. (*Id.*) Langer does not even allege that he intended to purchase a car

through Carvana at all, or that he owns a vehicle that he was interested in selling through Carvana. (*Id.*)  Langer's nexus argument is therefore on even weaker grounds than *See's Candies* and *Lola & Soto*, where the plaintiff failed to allege a nexus even though, unlike Langer, she pleaded specific allegations that he was unable to use a website feature specifically designed to locate defendants' physical locations. See *Lola & Soto Bus. Grp., Inc.*, 2022 WL 616798, at *1; *See's Candies, Inc.*, 2021 WL 3602153, at *1; *see also Strojnik v. Kapalua Land Co. LTD*, No. 19-00077 SOM-KJM, 2019 WL 4685412, at *6 (D. Haw. Aug. 26, 2019) ("Even assuming hotels.com has a physical place in connection with its website, the facts alleged in support of Plaintiff's ADA claim relate to his inability to obtain facts about the Property, not the goods and services provided at hotels.com's physical place"), *report and recommendation adopted sub nom.* 2019 WL 4684450 (D. Haw. Sept. 25, 2019), aff'd, 801 F. App'x 531 (9th Cir. 2020).

### III.   NINTH CIRCUIT JURISPRUDENCE REGARDING THE NEXUS REQUIREMENT IS LONG SETTLED; WEBSITES ARE NOT THEMSELVES SUBJECT TO THE ADA.

As discussed above, this Court already held that the Website and the videos hosted there are not themselves covered by the ADA. (Dkt. No. 26 at 6.)  Langer concedes that "the Ninth Circuit holds that a website must have a nexus with a physical location in order to fall under the ADA." (Pl. Br. at 8.)  The discussion should end there.  Langer, however, is not content with the long-established binding law of this Circuit and asks the Court to overturn it.

Langer contends that advancements in online business models and the COVID-19 pandemic[2] necessitate this Court's abandoning of two decades of precedent dating

---

[2] Langer's request relies exclusively on uncited narrative and speculation about the marketplace and trends in retail shopping completely outside the pleadings and the scope of this motion. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion").

back to the Ninth Circuit's seminal decision in *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000), as recently reaffirmed in *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). Langer calls for the creation of a new ADA standard for e-commerce websites and asks this Court to decline to follow the law because, in his view, "[i]t is time to reconcile the ADA's promise of access to all with modern commerce." (Pl. Br. at 8.) Langer proffers no legal support for this demand. Nor can he—all of the existing case law runs contrary to his position.

The Ninth Circuit and scores of district courts have consistently reaffirmed the necessity for a plaintiff to allege a nexus between alleged website accessibility barriers and a physical place of public accommodation. Langer offers no reason for why this particular case warrants departing from the existing law. Nor does Langer explain how this Court can assume the role of Congress and rewrite the ADA to better apply to modern commerce. Langer only references ADA-related settlement agreements between the United States government allegedly relating to website enforcement, but those agreements involve defendants whose business models are entirely distinct from Carvana's, and do not actually address the Ninth Circuit nexus requirement. The Court already considered this unsubstantiated demand from Langer with regards to the Original Complaint, and rejected that invitation, recognizing that *Weyer* remains the standard and that "courts in this District have concluded that 'a plaintiff may challenge the online services provided by a brick-and-mortar store,' only if there is a 'nexus between the online services and the physical place.'" (Dkt. No. 26 at 5 (quoting *Thurston v. FCA US LLC*, 2018 WL 700939, at *4 (C.D. Cal. Jan. 26, 2018) (citing *Rios v. New York & Co., Inc.*, 2017 WL 5564530, at *3 (C.D. Cal. 2017))).) The Court should again reject Langer's unchanged demand to rewrite the law and reaffirm that the nexus requirement applies.

IV.   **LANGER WAS NOT PREVENTED FROM MAKING A TRANSACTION.**

Carvana also established that Langer failed to allege an injury by failing to allege how the purported Website video barriers prevented him from undertaking a transaction

wherein he would pick up a purchased vehicle from a Carvana vending machine (*i.e.*, the only possible "public accommodation"). Ignoring that the Court already considered—and recognized—Carvana's arguments that this distinction matters (*see* Dkt. No. 26 at 6 ("but nowhere does the Complaint state that Langer needed to view the videos in order to avail himself of Carvana's products and/or services, or to locate any physical facility")), Langer merely restates his already-rejected arguments.[3]

Langer insinuates that the content of the videos "relate to the goods and services offered by Defendant." (Pl. Br. at 10.) Langer claims that that the videos "bolster[] the efficient and transparent car buying experience that Carvana advertises" and that "[s]creened all together they provide a summary of the process including key bits of information such as (1) car delivery or pick up from a vending machine; (2) the credit process; (3) worry free purchasing experience because of the return window." (*Id.*) These new allegations are telling for what they do *not* aver: even when interpreted in the light most favorable to Langer, they do not actually allege that the video barriers prevented Langer from accessing a vending machine or buying or selling a vehicle.

Langer fails to rebut any of the numerous authorities cited by Carvana, which hold that alleged barriers to access mere company information (as opposed to impeding the enjoyment of, or access to, a physical location) are not actionable. (Carvana's Br. at 16.) Accordingly, Langer's FAC must be dismissed like the complaint he filed against Pep Boys. *See Langer v. Pep Boys Manny Moe & Jack of Cal.*, 2021 WL 148237, at **5-6 (dismissing Langer's claims because Langer: (i) failed to explain how the absence of closed captioning on website videos constituted a nexus to Pep Boys' physical locations; (ii) failed to allege he intended to visit a Pep Boys' physical location and could not because the website was inaccessible; (iii) failed to allege he was trying to use Pep Boys' website to order goods and services from Pep Boys' physical locations;

---

[3] Langer's reliance on DOJ settlement agreements, rather than any applicable Ninth Circuit precedent, is telling.

and (iv) incorrectly suggested that Pep Boys' website informational videos were a themselves a service that he was prevented from accessing).

## V. LANGER FAILS TO PLEAD AN INTENT TO RETURN TO A CARVANA PHYSICAL LOCATION OR DETERRENCE.

In his opposition papers, Langer does not attempt to rebut any of the authorities holding that intent to return is not satisfied by pleading an intent to return to a *website* (*see* Carvana's Br. at 18), choosing instead to double down on the insufficient allegation in paragraph 46 of the FAC that he is a "tester" who "will *return to the Website* to avail himself of *its goods and/or services*…" (Pl. Br. at 11-12; FAC ¶ 46). However, the Court already previously recognized that "[i]n the ADA context, a plaintiff must demonstrate either deterrence, or injury-in-fact coupled with an intent to return to the noncompliant facility," (Dkt. No. 26 at 6 (citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011)), and that "Langer has also necessarily failed to plead that he was 'deterred' from using Carvana's products and/or services, or that he 'intends to return' to any physical location" (Dkt. No. 26 at 7). Langer needed to allege an intent to return *to the physical facilities*, not just the website. (Carvana's Br. at 18-19.) Even after amending his Complaint, he still fails to do so.

Langer also fails to plead that he has been deterred from utilizing a public accommodation until barriers are removed. (*See* Carvana's Br. at 20.) Langer relies on his conclusory allegation that he is "deterred from [returning to the *Website*] because of Plaintiff's knowledge of the existing barriers and uncertainty about the existence of yet other barriers on the Website." (FAC ¶ 47.) But Langer—who admits that the Website did not prevent him from finding the location of two proximate vending machines (FAC ¶ 35)—does not allege that he intends to ever return to a Carvana physical location if any supposed barriers are removed.[4] Langer's failure to plead an intent to return to a vending machine amounts to a failure to plead an injury under the ADA.

---

[4] Langer once again argues that *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093 (9th Cir. 2017) supports his position that he established standing by alleging

## VI. LANGER ADMITS HE DOES NOT PLEAD INTENTIONAL DISCRIMINATION PREDICATE OF UNRUH CLAIM AND THAT THE UNRUH CLAIM FAILS IF THE ADA CLAIM FAILS.

Langer admits that he "is not claiming intentional discrimination," and that the sole premise for his Unruh claim is a violation of the ADA. (Pl. Br. at 12-13.) Langer also concedes that if the ADA claim falls, the Unruh claim derivatively falls. For the reasons set forth in Carvana's Motion (and above), and because Langer fails to plead an ADA violation, his Unruh claim also fails. *See Cullen v. Netflix, Inc.*, 880 F.Supp.2d 1017, 1024 (N.D. Cal. 2012); *see also See's Candies, Inc.*, 2021 WL 3602153, at *4 ("Because Plaintiff has stated neither a cognizable ADA claim nor made any allegations that she was subject to intentional discrimination by See's, she has not pleaded a viable Unruh Act claim").

## VII. CONCLUSION.

For the foregoing reasons, Carvana respectfully requests that the Court enter an order granting Carvana's Motion in its entirety and dismiss Langer's FAC with prejudice.

DATED:  March 25, 2022            BLANK ROME LLP

By: /s/ Allen Ho
    Jonathan A. Loeb
    Allen Ho

    *Attorneys for Defendant Carvana, LLC*

---

he was deterred from visiting the Website. (Pl. Br. at 10.) But in *C.R. Educ. & Enf't Ctr.*, unlike here, the plaintiff pleaded that he was deterred from visiting hotels—*i.e.*, a physical location, not a website. *Id*. at 1099. This case supports dismissal.