UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  8:21-cv-00303-JLS-JDE                                                    Date: April 28, 2022
Title:  Chris Langer v. Carvana, LLC

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  D.Rojas  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:
Not Present                                                                    Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 31)**

Before the Court is Defendant's Motion to Dismiss.  (Mot., Doc. 31; Mem., Doc. 31-1.)  Plaintiff opposed and Defendant replied.  (Docs. 39, 41.)[1]  Having heard oral argument and considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.

I.   **BACKGROUND**

Plaintiff Chris Langer ("Langer") filed this suit in Orange County Superior Court, asserting that the video content on a website operated by Defendant Carvana, LLC ("Carvana") violates Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et. seq. (the "ADA") and California's Unruh Civil Rights Act, Cal. Civ. Code § 51, et. seq., (the "Unruh Act").  (*See generally* Compl., Doc. 1-1.)  Carvana removed the action to this Court, invoking federal question jurisdiction.  (Notice of Removal ("NOR"), Doc. 1.)  The Court previously granted Carvana's Motion to Dismiss the Complaint, but the Court provided Langer leave to amend.  (*See* Order on Motion to Dismiss, Doc. 26, at 8.)

---

[1] Before the Court is also Plaintiff's Request for Judicial Notice in Support of the Opposition to the Motion to Dismiss ("RJN").  (*See* RJN, Doc. 40.)  The RJN is DENIED as a court finds that the materials sought to be noticed are not relevant to its determination.

**CIVIL MINUTES – GENERAL**                                                                                        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00303-JLS-JDE                                         Date: April 28, 2022
Title:  Chris Langer v. Carvana, LLC

Langer subsequently filed a First Amended Complaint ("FAC") asserting the same claims as the original complaint, but adding some additional factual allegations.  (*See* FAC, Doc. 28.)

      Langer suffers from Delayed Endolymphatic Hydrops ("DEH"), which has caused him to experience permanent partial hearing loss.  (FAC ¶ 1.)  He uses assistive listening devices, including hearings aids and headphones, but those devices still do not enable him to receive aural communication completely.  (*Id*.)  Thus, Langer turns to closed captioning when consuming audio content such as movies or tutorials.  (*Id*.)

      The FAC alleges that Carvana owns and/or operates Carvana services located in California, and a website with the root domain carvana.com (the "Website").  (*Id.* ¶ 2-4.)  Langer "was a prospective customer who wished to access [Carvana's] goods and services: namely, shopping for vehicles and learning about other services offered by Carvana."  (*Id.* ¶ 18.)  He "visited the Website in January 2021 to confirm that the business was open, review any policies regarding customer safety, and look for information about the company and its products."  (*Id.* ¶ 19.)  Langer tried to view the Website's video content, but he discovered that some of the videos lacked closed captioning, which prevented him from fully understanding the content.  (*Id.* ¶ 21.)  Specifically, Langer alleges that he had difficulty viewing the following videos: "What is Carvana?"; "Purchasing from Carvana"; "Financing with Carvana"; "Quality Inventory"; "Carvana's Approach to Lending"; "Financing Basics"; "7-Day Money Back Guarantee"; and "Vehicles Marked Coming Soon."  (*Id.* ¶ 22.)  Langer further asserts that he made "multiple attempts to access the Website," but that "[he] has been denied the full use and enjoyment of the facilities, goods and services offered by [Carvana] as a result of the accessibility barriers."  (*Id.* ¶ 40.)  Langer asserts that, as a result of encountering these inaccessible videos, he has been deterred from future use of the Website.  (*Id*.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00303-JLS-JDE  Date: April 28, 2022
Title:  Chris Langer v. Carvana, LLC

    Although the FAC itself does not describe Carvana's services, Carvana attaches a declaration in support of the standing argument in its Motion.[2] Specifically, Carvana submits a declaration by Paul Breaux, Carvana's General Counsel and Vice President (Breaux Decl., Doc. 31-2), declaring that Carvana is an "e-commerce platform for buying and selling used cars." (Breaux Decl. ¶ 4.) Breaux testifies, in relevant part, that when a customer purchases a vehicle on Carvana's Website, "Carvana provides the customer with the option of vehicle delivery to any residential address within the national Carvana delivery area." (*Id.* ¶ 8.) "[T]he customer can [alternatively] choose to pick up the vehicle at one of Carvana's signature car vending machines . . . scattered throughout the United States." (*Id.*) Breaux declares that these "car vending machines" (herein referred to as "the Vending Machines") are Carvana's only customer-facing physical location. (*Id.* ¶ 14.) Additionally, Breaux declares that "Carvana at no time has ever owned or operated customer-facing stores or brick and mortar retail locations in California or anywhere else," and that "Carvana has not ever maintained physical brick and mortar location [sic] in California (or elsewhere) for the purpose of allowing customers to browse inventory, or to test drive vehicles." (*Id.* ¶¶ 12-13.)

    Langer's theory of ADA liability is that the Website is "a service, privilege or advantage of Carvana's physical services," and "[w]hen a business provides services such as a website, it must provide an accessible website." (FAC ¶¶ 58-59.) Thus, Langer asserts, Carvana's failure to provide an accessible website here is unlawful disability discrimination. (*Id.* ¶¶ 60-62.) Because an ADA violation is also a violation of the Unruh Act, *see* Cal. Civ. Code § 51(f), Langer rests his Unruh Act claim on the same theory. (*Id.* ¶¶ 64-68.) Langer requests declaratory judgment, injunctive relief, damages under the Unruh Act, and fees and costs under the ADA and the Unruh Act. (FAC at 11-12.) Carvana now moves to dismiss the FAC.

---

    [2] "In deciding a motion to dismiss for lack of standing, the court can look beyond the pleadings to affidavits and other testimony in order to resolve factual disputes related to jurisdiction." *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1135 (W.D. Wash. 2013) (citing *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 8:21-cv-00303-JLS-JDE            Date: April 28, 2022
Title: Chris Langer v. Carvana, LLC

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1)

"A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In other words, a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* "Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Meyer*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* When a motion is made pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving that the court has subject matter jurisdiction. *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) overruled on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

### B.    Article III Standing

Article III standing is a jurisdictional requirement, and therefore an appropriate subject of a Rule 12(b)(1) motion. *See Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir.2000) (standing is a jurisdictional issue deriving from the "case or controversy" requirement of Article III of the United States Constitution). To have Article III standing, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00303-JLS-JDE　　　　　　　　　　　　　　　Date: April 28, 2022
Title: Chris Langer v. Carvana, LLC

traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); then citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)). To establish an injury in fact, a plaintiff must show that she suffered "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan*, 504 U.S. at 560). An injury is "particularized" only if the wrongdoing actually "affect[s] the plaintiff in a personal and individual way." *Id.* Moreover, an injury does not satisfy the "concrete" requisite unless it is "*de facto*; that is, it must actually exist." *Id.* It is a plaintiff's obligation to "clearly . . . allege facts demonstrating" he has an injury-in-fact that is "concrete and particularized." *Id*. at 1547.

### III.　　DISCUSSION

　　Carvana moves to dismiss the FAC, arguing that (1) Langer lacks standing to assert a claim under the ADA and that (2) because Langer has not alleged intentional discrimination, the Unruh Act claim falls with the ADA claim.

　　**A.　　ADA Claim**

　　Carvana primarily argues that Langer has failed to plead an injury-in-fact under the ADA and therefore lacks standing to pursue that claim. (Mem. at 11-18.) Additionally, Carvana argues that Langer lacks standing because he has failed to plead an intent to return to a place of public accommodation, he has failed to plead that he is deterred from visiting a place of public accommodation, and the Website provides auxiliary aids to ensure that hearing impaired customers have access to the services provided by Carvana's physical locations. (*Id.* at 18-21.)

　　To prevail on a Title III ADA claim, a plaintiff must prove that: "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:21-cv-00303-JLS-JDE | Date: April 28, 2022 |
| Title:  Chris Langer v. Carvana, LLC | |

operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc*., 603 F.3d 666, 670 (9th Cir. 2010).  In short, to plead injury-in-fact under the ADA, a plaintiff must allege that he encountered accessibility barriers at a *place of public accommodation* owned or operated by the defendant. Moreover, the Ninth Circuit has held that places of public accommodation, under the ADA, must be "actual, physical places where goods or services are open to the public, and places where the public gets those goods or services," or, there must at least be "some connection between the good or service complained of and an actual physical place[.]"  *Weyer v. Twentieth Century Fox Film Corp*., 198 F.3d 1104, 1114 (9th Cir. 2000).

     The two leading Ninth Circuit cases on this issue create a scale by which to measure how close a connection is required between the good or service and the physical place for that good or service to be considered a place of public accommodation.  The first case, *Weyer v. Twentieth Century Fox Film Corporation*, held that a disability plan was not offered by a place of public accommodation, even though the offering insurance company operated a physical insurance office.  *Id.* at 1114-15.  The Court noted that "an insurance office is a public accommodation," but "plaintiff did not seek the goods and services of an insurance office," and instead, the plaintiff only accessed a benefit plan, which "is not a good offered by a place of public accommodation."  *Id.* at 1115 (quoting *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006, 1010 (6th Cir. 1997) (en banc)). The second case, *Robles v. Domino's Pizza, LLC*, held that Domino's website and app were places of public accommodation, "even though customers predominantly access them away from the physical restaurant," because the "alleged inaccessibility of Domino's website and app impede[d] access to the goods and services of its physical pizza franchises—which are places of physical accommodation."  913 F.3d 898, 905 (9th Cir. 2019).  The court found critical that "[c]ustomers use the website and app to locate a nearby Domino's restaurant and order pizzas for at-home delivery or in-store pickup." *Id.*  The Court held that because the website and app "facilitate[d] access to the goods and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:21-cv-00303-JLS-JDE | Date: April 28, 2022 |
| Title:  Chris Langer v. Carvana, LLC | |

services of a place of public accommodation—Domino's physical restaurants," that the nexus requirement was satisfied.

The fact pattern at issue here, however, falls somewhere between *Weyer* and *Robles*; indeed, *Robles* specifically declined to address the circumstances of Langer's case.  The *Robles* Court noted that: "We need not decide whether the ADA covers the websites or apps of a physical place of public accommodation where their inaccessibility does not impede access to the goods and services of a physical location."  *Robles*, 913 F.3d at 905 n.6.  Although Langer has alleged that Carvana has barriers to access—some of the videos on Carvana's website are not closed captioned—and Langer has alleged that Carvana has a physical location—Carvana's Vending Machines—Langer does not allege that Carvana's failure to close caption videos on its website impeded access to the Vending Machines.  Thus, it falls to the Court to determine whether Carvana's website is more like the disability insurance policy in *Weyer* or the website and app in *Domino's*.

Looking to the Ninth Circuit's rationale in both *Weyer* and *Domino's*, the Court concludes that the present case is more similar to *Weyer*.  Like *Weyer*, although Carvana's business involves physical places of public accommodation—its Vending Machines—Langer did not seek the goods and services available at a physical location; this is evident because nowhere has Langer alleged that he intended to purchase a vehicle online and pick it up at a Vending Machine.  Carvana has confirmed that its Vending Machines are used only for the pickup of purchased vehicles, and thus, the *only* situation in which a customer may seek services at a Vending Machine is if that customer has already purchased a vehicle.  But Langer has alleged merely that he was "shopping for vehicles [online] and learning about other services offered by Carvana" and he visited Carvana's website "to confirm the business was open, review any policies regarding customer safety, and look for information about the company and its products."  (FAC ¶¶ 18-19.)  Langer cannot do any of these things at a Car Vending Machine.  Further, in contrast to *Domino's*, Langer has not alleged that the closed captions facilitated access to the Vending Machines; in fact, the Court has reviewed the content of those videos and finds they hardly mention the Vending Machines at all.  The Court cannot conclude

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  8:21-cv-00303-JLS-JDE                                                                          Date: April 28, 2022
Title:  Chris Langer v. Carvana, LLC

therefore, that, like *Domino's*, the barriers to access on the website impeded access to Carvana's physical location.  This was critical to the Court's determination in Domino's and the Court holds that it is determinative of Langer's claim here.

Second, to establish standing for injunctive relief, which is the only remedy available under the ADA, a plaintiff must demonstrate a "real and immediate threat of repeated injury."  *See Fortyune v. Am. Multi-Cinema, Inc*., 364 F.3d 1075, 1081 (9th Cir. 2004)).  In the ADA context, this requires a plaintiff to demonstrate either deterrence, or injury-in-fact coupled with an intent to return to the noncompliant facility.  *Chapman v. Pier 1 Imports (U.S.) Inc*., 631 F.3d 939, 944 (9th Cir. 2011).  Here, Langer has demonstrated neither intent to return nor that he was deterred from using Carvana's services.  "To establish standing," a plaintiff must "demonstrate[] an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible."  *Rutherford v. Evans Hotels, LLC*, 2020 WL 5257868, at *17 (S.D. Cal. Sept. 3, 2020).  To satisfy this requirement, plaintiffs must establish an intent to return to a place of public accommodation, "not just the Website[]" that facilitates the use of that accommodation.  *Id.*

Langer has not alleged that he intends to return to a Vending Machine; in fact, Langer does not allege that he visited a Vending Machine to begin with, or that he intends to return to one.  Indeed, as mentioned above, Langer has not alleged that he intends to purchase a vehicle through Carvana—the *only* circumstance that implicates Carvana's Vending Machine facilities.  Langer states merely that he was "shopping for vehicles and learning about other services offered by Carvana," and he visited Carvana's website "to confirm the business was open, review any policies regarding customer safety, and look for information about the company and its products."  (FAC ¶¶ 18-19.) He claims that he "will return to the Website to avail himself of the Carvana goods and/or services and to determine compliance with the disability access laws once it is represented to him that the Carvana [sic] and the Website are accessible."  (*Id.* ¶ 46.)  But Langer cannot browse for vehicles and learn about the services offered by Carvana at the Vending Machines; these services are available exclusively on the Website.  Thus, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:21-cv-00303-JLS-JDE | Date: April 28, 2022 |
| Title:  Chris Langer v. Carvana, LLC | |

Court concludes that Langer has not demonstrated an intent to return to avail himself of the service of picking up a purchased car, which is the only service offered at the public accommodation at issue here—Carvana's Vending Machines.

Likewise, Langer has not demonstrated that he was deterred from using Carvana's services.  To establish standing based on deterrence, a plaintiff must plead an intent to use the public accommodation if the alleged deficiencies are remedied.  *See, e.g., C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1099 (9th Cir. 2017).  Here, Langer has not illustrated that the removal of alleged barriers has any relation whatsoever to his ability to utilize the Vending Machines.  Langer asserts that the Website poses accessibility barriers because some of its videos do not provide closed captioning; those videos, however, provide no information about the Vending Machines.  Only the "What is Carvana?" video even makes mention of the Vending Machines, and does so only in passing.  (*See* Breaux Decl. ¶ 20.)  Instead, all of the information about the Vending Machines is provided in writing on the Website.  (*See id.* ¶ 23.)  That the FAC acknowledges the proximate locations of two Vending Machines only supports that Vending Machine information *is* available in writing.  (*See* FAC ¶ 35.)  Thus, Langer has not demonstrated that Carvana's failure to close caption some of the videos on its Website deterred him from purchasing a car and picking it up at one of Carvana's Vending Machines.

Alternatively, although the Parties' briefing focuses on whether Langer can satisfy the injury-in-fact requirement for standing, the Court finds that many of the Parties' arguments raise questions as to whether Langer can satisfy the other two requirements for standing: causation and redressability.  For Article III standing, a plaintiff must demonstrate that there is "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly traceable to the challenged action of the defendant[.]'"  *Lujan*, 504 U.S. at 560 (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)) (cleaned up).  Additionally, a plaintiff must demonstrate that it is "'likely, as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable [judicial] decision.'"  *Id.* at 561 (quoting *Simon*, 426 U.S. 39, 43).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 8:21-cv-00303-JLS-JDE                                                    Date: April 28, 2022
Title: Chris Langer v. Carvana, LLC

  Even if the Court were to rule in Langer's favor, it would issue an injunction requiring Carvana to close caption the videos on its website; however, because those videos do not facilitate access to Carvana's Vending Machines—the physical place of public accommodation—the Court's remedy would provide no redress for the alleged injury: denial of public accommodation.  The disconnect between Carvana's conduct and Langer's alleged injury also illustrates a causation problem: it is not clear Carvana's failure to close captioned the videos on its website causes Langer to be denied public accommodation at Carvana's Vending Machines, for the reasons previously stated.  Thus, the Court also holds that Langer lacks standing based on these grounds.

  Accordingly, the Court holds that Langer lacks standing to state an ADA claim.[3]

### B. Unruh Act Claim

  Langer concedes that he has not pleaded intentional discrimination, and therefore, his Unruh Act claim is predicated on Carvana's alleged ADA violation. (FAC ¶¶ 64-68; *see also* Opp. at 12-13.)  As Langer fails to plead an ADA violation, the Court holds that Langer's Unruh Act claim necessarily fails.  *Accord Cullen v. Netflix*, 880 F. Supp. 2d 1017, 1024 (N.D. Cal. 2012).

### C. Leave to Amend

  Langer has not specifically requested that he be granted leave to amend if the FAC is found deficient.  Because the Court has previously permitted Langer to amend his complaint, and because the Court holds that Carvana's Website and Vending Machines do not constitute places of public accommodation as a matter of law, the Court declines to provide Langer another opportunity to amend as amendment would be futile.  *See*

---

[3] As the Court has held that Langer lacks standing, it declines to consider Carvana's remaining argument: that the Website provides auxiliary aids to ensure that hearing impaired customers have access to the services provided by Carvana's physical locations.  (*See* Mem. at 21-22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  8:21-cv-00303-JLS-JDE | Date: April 28, 2022 |
| Title:  Chris Langer v. Carvana, LLC | |

*Spindler v. City of Los Angeles*, 2019 WL 13032141, at *12 (C.D. Cal. Feb. 14, 2019) (Staton, J.) (futility of amendment and whether plaintiff has previously amended the complaint among factors court considers in granting leave to amend).

### IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss without leave to amend.  Carvana is ORDERED to file a proposed judgment within five (5) days of the entry of this Order.  All future dates set forth in the Scheduling Order are VACATED.

Initials of Deputy Clerk: droj